IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABUTALIB MOHAMED, #56085-177 | § § | |
| Movant, | § § | |
| v. | § § § | No. 3:24-CV-02122-B (No. 3:21-CR-00310-B) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Movant Abutalib Mohamed's ("Movant") pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion"). Doc. 2. The Government filed a response in opposition. Doc. 10. Upon careful review of the pleadings, the record, and the applicable law, the Motion is **DENIED**.

**I.   BACKGROUND**

A federal grand jury charged Mohamed with four counts—(1) two counts of unlawful possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(l), (2) one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, and (3) one count of discharge of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(l)(A)(iii). Crim. Doc. 1.[1] In 2022, pursuant to a plea agreement, Movant pled guilty to a superseding information that charged him with only the two ammunition counts and the drug-conspiracy count. Crim. Doc. 23; Crim. Doc. 30. The court sentenced Movant to an aggregate sentence of 234 months' imprisonment—87 months on count one, 87 months on count

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Mohamed*, 3:21-cr-310-B-1. And all "Doc." citations refer to this § 2255 case.

two, and 60 months on count three, to run consecutively. Crim. Doc. 37. The United States Court of Appeals for the Fifth Circuit affirmed Movant's conviction and sentence. Crim. Doc. 47; *United States v. Mohamed*, 2024 WL 749574 (N.D. Tex. Feb. 23, 2024)

On August 19, 2024, Movant filed this timely § 2255 motion raising two claims of ineffective assistance of counsel for failing to (1) challenge the § 922(g)(1) charges as violations of the commerce Clause and (2) object to the use of his prior conspiracy conviction as a basis for either the Section 924(c) charge or a guidelines enhancement. Doc. 2. The Government opposes § 2255 relief. Doc. 10. Movant has not filed a reply.

## II.   LEGAL STANDARD

To succeed on a claim of ineffective assistance of counsel, the movant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

To prove the deficient-performance prong under *Strickland*, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To show prejudice in the sentencing context, the

movant must show that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

### III.   ANALYSIS

**A.  Failure to Raise Commerce-Clause Challenge**

Movant asserts that his trial counsel was ineffective in failing to dismiss the indictment because his § 922(g)(1) charges violated the Commerce Clause. Doc. 2 at 4; Doc. 3 (Aff.). According to Movant, the ammunition counts both lacked the essential element of interstate commerce. Doc. 2 at 4.

His claim is frivolous. In the Factual Resume, Movant agreed to the essential elements of the § 922(g)(1) counts, including that the ammunitions had traveled in interstate commerce. Crim. Doc. 26 at 2. The Presentence Report (PSR) also noted that an ATF agent had verified that the ammunitions must have travelled in interstate or foreign commerce to be present in Texas. Crim. Doc. 32-1 at 7, PSR ¶ 15. Further, it is well settled that Commerce Clause challenges to § 922(g)(1) are foreclosed in the Fifth Circuit. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013); *United States v. Branson*, 139 F.4th 475, 477-78 (5th Cir. 2025) (reaffirming constitutionality of § 922(g)(1) and rejecting challenges under the Second amendment, Commerce Clause, and Fifth Amendment Due Process Clause).

Movant's counsel was therefore not constitutionally ineffective for failing to make a meritless objection. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.").

Movant's first claim thus has no merit.

### B. Failure to Object to Application of Sentencing Guidelines

The record confirms that in 2020, before the guilty plea in this case, Movant pled guilty to three federal charges, including conspiracy to distribute a controlled substance. *United States v. Mohamed*, Case No. 3:17-CR-460-M(08) (N.D. Tex. Aug. 12, 2020).

In his second ground, Movant asserts counsel rendered ineffective assistance in failing to object to the use of his prior federal drug-trafficking-conspiracy conviction as a predicate for his § 924(c) charge or as a prior "controlled substance offense" in calculating his base offense level. Doc. 2 at 5. Both claims are frivolous. The § 924(c) charge was dismissed based on Movant's plea agreement with the government. Crim. Doc. 37 at 1 (judgment dismissed Counts 1-4 of the original indictment based on the government's motion). There was thus no § 924(c) conviction for his trial counsel to contest.

The Court also properly treated Movant's prior conspiracy conviction as a "controlled substance offense" in calculating his base-offense level under USSG § 2K2.1(a)(4)(A). Crim. Doc. 32-1 at 9, PSR ¶ 25. The Fifth Circuit has reaffirmed "longstanding precedent that inchoate offenses like conspiracy are included in the definition of 'controlled substance offense.'" *United States v. Vargas*, 74 F.4th 673, 698 (5th Cir. 2023) (en banc), *cert. denied*, 144 S. Ct. 828 (2024). Additionally, the PSR properly applied USSG § 2K2.1(a)(4)(A), which states that a base offense level of 20 applies if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." The guidelines define "controlled substance offense" to include conspiracy offenses. *See* USSG § 4B1.2 cmt. n.1 (2021); *see also* USSG 4B1.2(d) (2023) (including inchoate offenses).

On this record, Movant fails to show counsel's deficient performance or resulting prejudice. His second claim of ineffective assistance of counsel therefore lacks merit.

## IV.  CONCLUSION

Accordingly, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 28th day of August, 2025.

JANE J BOYLE
UNITED STATE DISTRICT JUDGE